UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION <br><br> This Document Relates To: <br><br> Papst v. Konica Minolta Holdings and Konica Minolta Business Solutions USA, D.D.C. 08-cv-1404 (N.D. Ill. No. 08-cv-3606) | Misc. Action No. 07-493 (RMC); <br> MDL Docket No. 1880 |

**MEMORANDUM OPINION**

Papst Licensing GMBH & Co. KG ("Papst") brought suit against Konica Minolta Holdings Inc. ("KMHD") and Konica Minolta Business Solutions U.S.A., Inc. ("KMBUS") alleging patent infringement due to the defendants' sale or importation of digital cameras into the United States. KMHD moves to dismiss for lack of personal jurisdiction because it is a Japanese holding company that does not sell or import any products. Papst opposes and requests leave to amend its complaint to add other Konica entities. As explained below, KMHD's motion to dismiss will be granted, and Papst's motion to amend will be denied.

**I.  FACTS**

Papst filed a complaint in federal District Court for the Northern District of Illinois, alleging that KMHD and KMBUS infringed two patents owned by Papst, U.S. Patent Nos. 6,470,399 and 6,895,449 (the "Patents"). *See Papst Licensing GMBH & Co. KG v. Konica-Minolta Holdings, Inc.*, 08-cv-1404 (D.D.C.) (originally filed in the Northern District of Illinois as 08-cv-3606) (the

"Illinois Case"). The Illinois Complaint alleges that "[u]pon information and belief the Konica-Minolta Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit." *Id*., Compl. ¶ 10. The Illinois Case was transferred here for pretrial proceedings as part of multidistrict litigation ("MDL") involving Papst's claims that numerous manufacturers of digital cameras have infringed the Patents.

The Complaint erroneously alleges that KMHD regularly transacts business in the Northern District of Illinois through KMBUS. KMHD is a non-resident Japanese corporation that does not conduct, and has never conducted, business in Illinois. KMHD's Mot. to Dismiss [Dkt. # 222], Ex. A Declaration of Masaru Kamei ("Kamei Decl.") ¶ 4. KMHD owns no real or personal property, has no offices, and has no bank accounts in Illinois. *Id.* It has never "manufactured products, performed services, or made sales in Illinois." *Id.* KMHD promotes the business of the Konica Minolta group of companies, and audits and manages the group's operations. *Id*. ¶ 3. Papst alleges no facts that contradict Mr. Kamei's Declaration.

Further, two different Konica corporate entities were responsible for manufacturing digital cameras and selling them in the United States: Konica Minolta Photo Imaging, Inc. ("KMPI") manufactured the cameras and Konica Minolta Photo Imaging U.S.A., Inc. ("KMPUS") sold the cameras in the United States. *See* KMHD's Reply [Dkt. # 236] at 1 n.1. Both KMPI and KMPUS left the digital camera business in April 2006. *Id*.

KMPI brought suit against Papst in this District seeking declaratory judgment of noninfringement. *Konica-Minolta Photo Imaging, Inc. v. Papst Licensing GMBH & Co. KG*, Civ. No. 08-1433 (D.D.C.) (the "District of Columbia Case"). Papst filed a counterclaim naming both

KMPI and KMPUS as counter-defendants. *Id*., Answer & Counterclaim [Dkt. # 7 filed in 08-1433]. Because (1) the Court cannot exercise personal jurisdiction over Papst in this District; (2) Papst consented to personal jurisdiction in Illinois; and (3) Papst consented to jurisdiction in D.C. solely for the purpose of multidistrict proceedings, the Court ordered the transfer of the District of Columbia Case to the Northern District of Illinois when the multidistrict proceedings conclude. *See* Mem. Op. & Order [Dkt. ## 261 & 262] filed in the MDL docket 07-ms-493 on Dec. 11, 2008, and identical Mem. Op. & Order [Dkt. ## 5 & 6] filed in 08-cv-1433 on Dec. 12, 2008.

## II. LEGAL STANDARDS

### A. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Murphy v. PriceWaterhouseCoopers LLP*, 357 F. Supp. 2d 230, 242 (D.D.C. 2004) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id*.; *see also First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988) (the bare allegation of conspiracy or agency is insufficient to establish personal jurisdiction). In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies in favor of the plaintiff. *Crane*, 894 F.2d at 456. The court need not treat all of the plaintiff's allegations as true, however. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts."

*Id*.

### B. Amendment of Complaint

Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court may deny a motion to amend a complaint if it finds "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002); *see also Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

### III. ANALYSIS

### A. Personal Jurisdiction Over KMHD

In multidistrict litigation such as this, the transferee court must apply the law of the transferor forum to determine personal jurisdiction. *In re Sterling Foster & Co., Inc. Sec. Litig.*, 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002); *see also In re Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 33-35 (D.D.C. 2003) (applying the long-arm statute of the transferor forum in multidistrict litigation).

And in patent infringement cases, personal jurisdiction is governed by the precedents of the Federal

Circuit in deciding cases involving a state's long-arm statute or the constitutional requirements of Due Process. *Beverly Hills Fan Co. v. Royal Sovereign Co.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). To establish personal jurisdiction over a non-resident, a court must undertake a two-step inquiry: it must first determine whether jurisdiction is applicable under the correct state's long-arm statute and then determine whether a finding of jurisdiction satisfies constitutional Due Process. *See id*. at 1566-70.

Because the transferor forum is Illinois, the Illinois long-arm statute applies. This statute permits jurisdiction over a non-resident corporation: (1) if the cause of action arises out of an act within the state; (2) the non-resident defendant corporation is doing business within the state; or (3) if any other basis exists that is permitted by the Illinois Constitution and the U.S. Constitution. 735 Ill. Comp. Stat. 5/2-209(c). The limits imposed by the Illinois and U.S. Constitutions are the same. *NeoMedia Tech., Inc. v. AirClic, Ind.*, No. 04-C-566, 2004 WL 848191, at *2 (N.D. Ill. Apr. 16, 2004). Given Mr. Kamei's uncontested Declaration, steps one and two are not at issue and the only question is whether the exercise of jurisdiction over KMHD comports with the requirements of Due Process.

The Due Process Clause of the Fifth Amendment to the U.S. Constitution requires a plaintiff to demonstrate that a defendant has "purposely established minimum contacts with the forum states," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985), "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. v.*

*Superior Court of Cal.*, 480 U.S. 102, 109 (1988) (citation omitted).  In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Under the minimum contacts test, a defendant can be subject to general or specific jurisdiction.  General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state and thus personal jurisdiction exists even in cases where the cause of action is not related to those contacts. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).  The test for establishing general jurisdiction is the same as the test for "doing business" in the state under the long-arm statute. *Compass Envtl., Inc. v. Polu Kai Servs., L. L. C.*, 882 N.E.2d 1149, 1159 (Ill. App. 2008).  Specific jurisdiction, in contrast, exists when the cause of action arises out of or relates to the defendant's contacts with the forum, *3D Sys. Inc. v. Aarotech Lab., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).  Under these rules, a non-resident corporation is not subject to personal jurisdiction in a forum merely due to the actions of its subsidiary. *Id*., 160 F.3d. at 1380-81.

Papst has not met its burden of showing that KMHD has minimum contacts with the State of Illinois.  KMHD has shown, via the Declaration of its executive officer Masaru Kamei, that it does not now and has never conducted business in Illinois and that it is involved in promoting, auditing, and managing other Konica entities.  Kamei Decl.  ¶¶ 3-4.  The actions of KMHD subsidiaries in the forum cannot establish the necessary minimum contacts by KMHD. *See 3D Sys.*, 160 F.3d at 1380-81.  KMHD will be dismissed for lack of personal jurisdiction.

Papst does not directly challenge this result.  Rather, its argument against dismissal

of KMHD is that Papst has previously offered and is still amenable to substituting other Konica entities in place of KMHD. Papst's Opp'n [Dkt. # 228] at 1. Papst's argument is a *non sequitur*. Just because Papst seeks to add other parties does not constitute a valid reason for denying KMHD's motion to dismiss for lack of personal jurisdiction.

### B. Papst's Motion to Amend to Add KMPI and KMPUS to the Illinois Case

Papst seeks to amend its Complaint in the Illinois Case, now pending in the D.C. MDL proceeding, to include KMPI and KMPUS as defendants. KMBUS opposes the motion, arguing that leave to amend should be denied as futile because Papst failed to proffer facts establishing personal jurisdiction over KMPI and KMPUS.

The Illinois long-arm statute governs the determination of whether personal jurisdiction may be exercised over KMPI and KMPUS in the Illinois Case. KMBUS contends that KMPI and KMPUS are not subject to general personal jurisdiction in Illinois because they were not doing business in Illinois at the time the Complaint was filed. *See Morecambe Maritime, Inc. v. Nat'l Bank of Greece, S.A.*, 821 N.E.2d 780, 784 (Ill. App. 2004) ("doing business" under the long-arm statute means doing business at the time the complaint was filed); *accord Reeves v. Balt. & Ohio R.R. Co.*, 526 N.E.2d 404, 408 (Ill. App. 1988). KMBUS further asserts that KMPUS had not transacted any business in Illinois for over two years before Papst filed the Illinois Case, and that KMPI never transacted business in Illinois. There is some evidence, however, that specific jurisdiction might apply, *i.e.*, that Konica entities delivered accused digital cameras into the stream of commerce via Best Buy, an established distribution channel, *see* Papst's Reply [Dkt. # 239], Ex. B (Best Buy webpages) & Ex. C (Declaration of Isaac Peterson), though it is not clear whether KMPI and KMPUS's contacts with Illinois were sufficient to satisfy the requirements of specific

jurisdiction.

Even so, it is not necessary to add KMPI and KMPUS to the Illinois Case, because both are already joined in litigation with Papst in the District of Columbia Case, as described above. In the District of Columbia Case, KMPUS recently filed a motion to dismiss. *See* KMPUS's Mot. to Dismiss [Dkt. # 266] filed in 07-ms-493 on Feb. 17, 2009. In that motion, KMPUS states that KMPI "stands ready to dispute its claims" and that KMPUS should be dismissed. *See id*. at 2. The issue of whether personal jurisdiction can be exercised over KMPI and KMPUS will be litigated in the context of the District of Columbia Case where KMPI and KMPUS already are parties. It would be inefficient and duplicative to permit Papst to add those same parties to the Illinois Case, especially since the District of Columbia Case will be transferred to Illinois for trial at the end of the MDL proceedings. Accordingly, Papst's motion to amend is Complaint against KMHD and KMBUS will be denied.

KMHD and KMBUS also contends that (1) the Court should deny Papst's motion to amend because Papst acted in bad faith by suing KMHD and KMBUS instead of KMPI and KMPUS and (2) the Court should exercise its inherent authority and award costs and fees incurred for briefing the motion to dismiss. *See* KMHD & KMBUS's Opp'n to Mot. for Leave to Amend [Dkt. # 237] at 5-9; KMHD's Reply in Supp. of Mot. to Dismiss [Dkt. # 236] at 7. KMHD contends that Papst should have done more research before filing suit, which would have shown that KMHD has never made or sold digital cameras and that while KMPI and KMPUS manufactured and sold digital cameras in the United States, they left the digital camera business effective April 1, 2006. Papst counters that at the time it filed its Complaint in Illinois, it had insufficient information to determine which Konica entity manufactured and sold cameras here and which of such entities was still in

business. While Papst's Complaint in Illinois may have been hasty, there is no evidence of bad faith. Each party will bear its own costs and fees and the motion for costs and fees will be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss filed by Konica Minolta Holdings, Inc. [Dkt. # 222], and will deny Papst's motion to amend [Dkt. # 229]. Konica Minolta Holdings, Inc. will be dismissed as a party in the multidistrict litigation master docket 07-ms-493 and in the individual member case docket 08-cv-1404. A memorializing order accompanies this Memorandum Opinion.

Dated: March 5, 2009                                /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge